# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**TERRENCE MOORE,**

        **Plaintiff,**

                                    **Civil No: 2:09-CV-14668**
                                    **HONORABLE ARTHUR J. TARNOW**
**v.**                                     **UNITED STATES DISTRICT COURT**

**PETER J. ELLENSON, et. al.,**

        **Defendants.**

_____/

## OPINION & ORDER OF SUMMARY DISMISSAL

### I. Introduction

Terrence Moore, ("Plaintiff"), presently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983. [1]  For the reasons stated below, the complaint is dismissed for failing to state a claim upon which relief can be granted.

### II. Complaint

Plaintiff claims that he was charged with murder in Ferndale, Michigan and was tried and convicted for this offense in the Oakland County Circuit Court.  Plaintiff alleges that his court-appointed trial counsel, Todd A. Fox, provided ineffective assistance of counsel during pre-trial and trial proceedings.  Plaintiff further alleges that Peter

---

[1]  When plaintiff filed this lawsuit, he was incarcerated at the Kinross Correctional Facility, but has since been transferred to the Chippewa Correctional Facility.  The Court obtained this information from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

Ellenson, his court-appointed appellate counsel, provided ineffective assistance of

counsel on plaintiff's appeal of right.

Plaintiff now sues the defendants for malpractice and seeks monetary damages.

### III. <u>Standard of Review</u>

Plaintiff has been allowed to proceed without prepayment of fees. See 28 §

U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However,

28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines
> that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32

(1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal

theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir.

2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it

appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim

that would entitle him to relief." *Brown*, 207 F. 3d at 867. *Sua sponte* dismissal is

appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at

612.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*,

860 F. Supp. 391, 392 ( E.D. Mich.1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106

*Moore v. Ellenson, et. al.,* 2:09-cv-14668

(1976)); that is, they are held to a "less stringent standard" than those drafted by

attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such complaints, however,

must plead facts sufficient to show a legal wrong has been committed from which

plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d

748, 755 (E.D. Mich.2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff

must establish that: (1) the defendant acted under color of state law; and (2) the

offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*,

156 F. 3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If

a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must

fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## IV.  Discussion

Plaintiff's suit against his court appointed attorneys must be dismissed because it

fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983.  Court

appointed attorneys or public defenders performing a lawyer's traditional functions as

counsel to a criminal defendant do not "act under color of state law" and are therefore

not subject to suit under 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 317

(1981).  Even though the defective performance of a criminal defense attorney may

cause the legal process to deprive an accused criminal defendant of his liberty in an

unconstitutional manner, the lawyer who may be responsible for the unconstitutional

action does not act under the color of state law within the meaning of § 1983. *See

Briscoe v. Lahue*, 460 U.S. 325, 329, n. 6 (1983); *See also Elrod v. Michigan Supreme*

3

*Court,* 104 Fed. Appx. 506, 508 (6th Cir. 2004)(criminal defense attorney was not state actor subject to liability under § 1983 when there was no showing that attorney acted in concert with state officials to deprive client of his rights); *Bomer v. Muechenheim*, 75 Fed. Appx. 998, 999 (6th Cir. 2003)(criminal defendant's appellate attorney was not state actor, and thus was not subject to suit under § 1983); *Dunning v. Yuetter,* 12 Fed. Appx. 282, 284 (6th Cir. 2001)(criminal defense attorneys did not act under color of state law, for purpose of § 1983).

Because a court appointed attorney does not act under the color of law, a defendant cannot maintain a § 1983 action against counsel based on a claim of ineffective assistance of counsel. *See Copus v. City of Edgarton*, 959 F. Supp. 1047, 1052 (W.D. Wis. 1997); *mod on other grds* 151 F 3d 646 (7th Cir. 1998); *Cf. Cudejko v. Goldstein,* 22 Fed. Appx. 484, 485 (6th Cir. 2001)(state court criminal defendant's private attorney was not "state actor," precluding defendant's § 1983 action against attorney alleging ineffective assistance of counsel).

## V.  CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED,** pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).


S/Arthur J. Tarnow
Arthur J. Tarnow
Dated: May 12, 2010                    United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 12, 2010, by electronic and/or ordinary mail.

                  S/Catherine A. Pickles

                  Judicial Secretary